## Altoona City, Appellant, *v.* Koch.

*Public officers—Compensation—City treasurer—Cities of the third class—Collection of taxes—Acts of May 23, 1889, P. L. 277, May 16, 1901, P. L. 224, and June 20, 1901, P. L. 578.*

Under the Act of June 20, 1901, P. L. 578, all taxes levied by a city of the third class, in the form of a tax and lawfully collected as such by the city treasurer, are subject to that section of the statute which provides compensation for the treasurer for the discharge of the duty lawfully imposed upon him; and this applies to a license tax not exceeding $100 annually imposed upon persons engaged in certain occupations, in accordance with provisions of the Act of May 16, 1901, P. L. 224, amending art. 5, sec. 3, clause 4, of the Act of May 23, 1889, P. L. 277, and it is immaterial in such a case whether the charge on the occupation be called a tax or license fee.

Argued Oct. 29, 1912.   Appeal, No. 167, Oct. T., 1911, by plaintiff, from judgment of C. P. Blair Co., Jan. T., 1911, No. 42, for defendants non obstante veredicto in case of Altoona City v. David Koch et al.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on official bond of city treasurer.

From the record it appeared that plaintiff declared in

assumpsit against the defendants who are sureties on the official bond of Frederick Sheffield, city treasurer of Altoona, to recover the sum of $1,276.17, retained by him as commissions on the amounts of the license taxes collected by him during his term of office, extending from the first Monday of April, 1902, until the first Monday of April, 1905, for the collection of which, as the plaintiff alleges, the said city treasurer was not entitled to receive commission, said amount having been retained by the treasurer without drawing a warrant therefor and having the same duly countersigned by the controller of the city.

The defendants appeared generally and filed an affidavit of defense and, with leave of court, a supplemental affidavit of defense, alleging that the city treasurer was entitled to commissions on the license taxes by him collected, and to retain the same without drawing a warrant therefor, and that the moneys claimed by the plaintiff were received and retained by the said city treasurer with the full knowledge, consent and acquiescence of the councils of the city of Altoona, and under and by virtue of a written opinion of the then solicitor of the city of Altoona.

The defendant entered a plea of non assumpsit and the issue thus framed was tried. The court directed a verdict in the sum of $1,276.17, with interest from March 31, 1905, subject to certain questions of law raised by the points submitted by the respective parties, which questions were reserved with right to enter judgment non obstante veredicto. After argument on the reserved points, the court directed judgment to be entered in favor of the defendants non obstante veredicto, which decree of the court is the subject of this appeal.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Thomas C. Hare*, for appellant.—The license taxes collected by the city treasurer were not exacted by the municipality in the exercise of the taxing power: Oil City v.

Oil City Trust Co., 151 Pa. 454; Titusville v. Gahan, 34 Pa. Superior Ct. 613; Thomas v. R. R. Co., 101 U. S. 71; Gettysburg Boro. v. Transit Co., 36 Pa. Superior Ct. 598; Erie v. Erie Elec. Motor Co., 24 Pa. Superior Ct. 77.

It is our contention that the phrase "all of the city taxes" mentioned in sec. 3 of the act refers to the city taxes levied upon the assessment returned by the city assessors: Knisely v. Cotterel, 196 Pa. 614.

*W. I. Woodcock* and *T. H. Greevy*, with them *W. F. Vaughn* and *J. D. Hicks*, for appellees.

OPINION BY PORTER, J., February 27, 1913:

The city brought this action of assumpsit against the defendants as surviving sureties on the official bond of Frederick Sheffield, as treasurer of the city. Sheffield had died after the completion of his official term and retirement from office, before the action was brought. There was a verdict for plaintiff, but the court below subsequently entered judgment in favor of the defendants, non obstante veredicto, and the city appeals.

The Act of May 23, 1889, P. L. 277, entitled, "An act providing for the incorporation and government of cities of the third class," in art. V, sec. 1, clause IV, empowered said cities "To levy and collect, for general revenue purposes, a license tax not exceeding one hundred dollars each, annually," upon those engaged in certain occupations within the city, "and to regulate the collection of the same." This clause of the act of 1889 was, by the Act of May 16, 1901, P. L. 224, amended, by striking out the words "for general revenue purposes," so that the words which confer the power now stand, "To levy and collect a license tax, not exceeding one hundred dollars each, annually, on all auctioneers," etc. The appellant contends, upon the authority of Oil City v. Trust Co., 151 Pa. 454, that "the license tax" which such cities are now empowered to levy and collect is not a tax for general revenue purposes, but a charge under

the police power, and, this being so, the treasurer is not entitled to compensation for collecting it. This presents the only question raised by this appeal.

The city had, prior to the election of Sheffield as city treasurer, duly passed an ordinance exercising the power conferred upon it to levy and regulate the collection of a "license tax, annually," on the occupations specified, in accordance with the provisions of the act of 1889, as amended by the act of 1901, above quoted. That ordinance required the "license tax" to be assessed, in the first instance, by a "license tax officer," from whose assessment an appeal was provided for to the "Board of Revision and Appeals," and the action of that board upon such appeals was duly regulated. The ordinance required the board of appeals to certify the corrected list of the assessment to the city treasurer, prior to the first day of June in each year, and required that officer to collect the license taxes so assessed and give receipts therefor to the persons paying.

The statutes authorized the city to levy these license taxes and provide for their collection. The ordinance was a proper exercise of the power thus conferred and required the board of revision and appeals to certify the assessment, when corrected, to the treasurer and made it the duty of the treasurer to collect. Sheffield being the treasurer, duly collected these license taxes, and the question is whether he was entitled to compensation for so collecting them. There is no question here as to whether the city had the lawful right to levy and collect these taxes, the collection must be assumed to have been lawful. Nor is it necessary to inquire whether the right to exact the tax is referable to the power of the city to raise revenue for the general purposes of government, or is only sustainable under the police power. The rights of the parties to this action depend entirely upon the provisions of the Act of June 20, 1901, P. L. 578, which imposed upon treasurers of cities of the third class, thereafter elected, the duty of collecting all the city, school and poor taxes,

assessed or levied in their respective cities, and provided for their compensation for the discharge of the duties thus imposed. Sheffield was elected after this statute became a law, and his right to compensation must be determined under its provisions. We are not here dealing with a case in which the city or any of its officers were vested with a discretion to determine whether any given person should or should not have a license; the city was authorized to levy a license tax upon any and all persons who engaged in certain occupations. The statutes which conferred the power on the city designated the imposition as a "license tax," and the city ordinance gave it the same designation. In a case in which the power of the city to impose the charge is involved, the name by which the charge may be in the statute or ordinance called is not important. The question in such a case is one of power and the limitations of that power. If the authority to impose the charge is found only in the police power, it matters not whether the charge be called a tax or a license fee, it cannot be made the cloak for an exaction for purposes of general revenue. But when the city imposes a charge, sustainable only under the police power, in the form of a tax and requires the treasurer to collect it as a tax, the purpose for which the city may impose the tax and the use to which it may devote its proceeds become unimportant. The Act of June 20, 1901, P. L. 578, constituted the city treasurer collector of all the city, poor and school taxes assessed or levied in their respective cities. The statute, in sec. 8, specifically designated the school and poor taxes which should come within its provisions, but there is nothing in the act which excludes any city tax from its operation. Section 3 of the act provides that: "The several city, school and poor authorities, now empowered or which may be hereafter empowered to levy taxes upon persons and property within the said cities of the third class, shall, on the first day of June in each year, make out and deliver their respective duplicates for taxes assessed to the said city treasurer,

as the collector of the said several taxes, which taxes shall be collected by the said city treasurer, by virtue of his office as herein provided." Section 4 provides that: "The warrant for the collection of any school tax shall be executed by the President of the Board of School Controllers and attested by the Secretary thereof; the warrant for any tax levied by the councils of any of said cities shall be executed by the Mayor, and be countersigned by the City Controller; and in all other cases, the warrant shall be executed by the authority making the tax levy." The provisions of the statute clearly indicate the legislative intention that all taxes levied by a city of the third class, in the form of a tax and lawfully collected, as such, by the city treasurer, shall be subject to the provisions of sec. 14 of the statute providing compensation for the treasurer for the discharge of the duty lawfully imposed upon him.

The judgment is affirmed.